CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gabriela Cabrera**, <br><br> Plaintiff, <br><br> v. <br><br> **CFT NV Developments, LLC**, a Nevada Limited Liability Company; **The UPS Store, Inc.**, a Delaware Corporation; **HRB Digital LLC**, a Delaware Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Gabriela Cabrera complains of Defendants CFT NV Developments, LLC, a Nevada Limited Liability Company; The UPS Store, Inc., a Delaware Corporation; HRB Digital LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She has polio. She cannot walk and uses a wheelchair for mobility.

1

Complaint

2. Defendant CFT NV Developments, LLC owned the real property located at or about 17128 Colima Rd. and 17142 Colima Rd., Hacienda Heights, California, in February 2018.

3. Defendant CFT NV Developments, LLC owns the real property located at or about 17128 Colima Rd. and 17142 Colima Rd, Hacienda Heights, California, currently.

4. Defendant The UPS Store, Inc. owned the The UPS Store located at or about 17128 Colima Rd., Hacienda Heights, California, in February 2018.

5. Defendant The UPS Store, Inc. owns the The UPS Store ("UPS") located at or about 17128 Colima Rd., Hacienda Heights, California, currently.

6. Defendant HRB Digital LLC owned the HR Block located at or about 17142 Colima Rd., Hacienda Heights, California, in February 2018.

7. Defendant HRB Digital LLC owns the HR Block ("HR Block") located at or about 17142 Colima Rd., Hacienda Heights, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to UPS and HR Block in February 2018.

13. UPS and HR Block are facilities open to the public, places of public accommodation, and business establishments.

14. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of UPS and HR Block.

15. Although, there is an accessible path of travel from the public sidewalk to the north side of the property, there is no accessible path of travel from the public sidewalk to the building structures on the west and south side of the property where UPS and HR Block are located.

16. There is no wheelchair accessible path of travel from the boundary of the site to the accessible building entrances of UPS and HR Block. Instead, plaintiff is forced to travel in the vehicular drive paths to gain access to UPS and HR Block.

17. Plaintiff was unwilling to make that attempt for fear of her own safety and the difficulty it presented.

18. On information and belief, plaintiff also alleges that the entrance to the plaza is too steep for wheelchair users.

19. Plaintiff personally encountered these barriers.

Complaint

20. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty, discomfort, and embarrassment.

21. Transaction counters are another one of the facilities, privileges, and advantages offered by Defendants to patrons of UPS and HR Block.

22. Meanwhile, and even though plaintiff did not confront the barrier, the transaction counter at HR Block is more than 36 inches in height. In fact, the transaction counter is 40 inches high.

23. There is no lowered, 36 inch portion of the transaction counter at HR Block for use by persons in wheelchairs.

24. Meanwhile, at UPS there is a lowered portion near the transaction counter at UPS, but this is not used to conduct transactions. The defendants use the lowered counter for weighing shipments.

25. The transaction counter at UPS is more than 36 inches in height. In fact, the transaction counter is 42 inches high.

26. Plaintiff plans to return and patronize UPS and HR Block but will be deterred from visiting until the Defendants remove the barriers.

27. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

28. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

29. Another common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The

Complaint

task can be completed easily and for a modest price.

30. Plaintiff is and has been deterred from returning and patronizing UPS and HR Block of her knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize UPS and HR Block as a customer once the barriers are removed.

31. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

32. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

Complaint

complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

　　a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

　　b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

　　c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Under the ADA, there must be an accessible route of travel from the boundary of the site, i.e., from the public street and public sidewalks at the "site arrival points" to the building entrances on the site. 1991 Standards (1991 Standards) § 4.1.2(1); 2010 Standards (ADAAS) § 206.2.1.

Complaint

36. Here, the failure to provide an accessible route to UPS and HR Block is a violation of the law.

37. Ramps with elevation changes greater than 6 inches cannot be steeper than 8.33%. 1991 Standards § 4.8.2; 2010 Standards § 405.2. However, at existing facilities, short ramps can vary a bit. A ramp that rises no more than 3 inches can have a slope as steep but no more steep than 12.5%. 1991 Standards § 4.1.6(3)(a)(ii); 2010 Standards § 405.2. A ramp that rises between 3 and 6 inches can have a slope as steep, but no more steep, than 10%. 1991 Standards § 4.1.6(3)(a)(i); 201 Standards § 405.2.

38. Here, the ramp slope does not comply with the law.

39. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

40. Here, no such accessible counter at UPS and HR Block has been provided in violation of the ADA.

41. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

42. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

43. Given its location and options, plaintiff will continue to desire to patronize UPS and HR Block but she has been and will continue to be

discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

45. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F.Supp. 433, 439 (N.D.Cal.1994).

46. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

47. Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

Complaint

(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: April 9, 2018                    CENTER FOR DISABILITY ACCESS

By: *[signature]*

_____
Chris Carson, Esq.
Attorney for plaintiff

Complaint